[Civ. No. 17798.   Second Dist., Div. Three.   May 25, 1951.]

EVA C. TAYLOR, Appellant, v. CONTINENTAL NORTH-ERN CORPORATION (a Corporation), Respondent.

William M. Taylor for Appellant.

George H. Emerson for Respondent.

WOOD (Parker), J.—Plaintiff alleged in the complaint that on December 18, 1944, she and defendant entered into a written community oil and gas lease whereby she leased to defendant all the highways, streets, roads, and alleys within a certain "described area" in the downtown section of the city of Long Beach. (The area involved here is north of the area involved in *Taylor* v. *Continental Southern Corp.*, No. 17796, *ante,* p. 425 [233 P.2d 577], this day decided. It may be stated generally that this area is bounded on the south by Fourth Street, on the west by the County Flood Control Channel, and on the north by Tenth Street from said channel to Daisy Avenue; and then the boundary extends southeasterly by various streets to Sixth and Pine Avenue, and then on Pine Avenue to Fourth Street and Pine Avenue.)

The pleadings, findings, and judgment in this action are the same as the pleadings, findings, and judgment in the said case of *Taylor* · v. *Continental Southern Corp., ante,* p. 425 [233 P.2d 577], except as to the allegations in the complaints describing the property leased by plaintiff, and except the name of the defendant. Plaintiff appeals from the judgment.

Appellant contends that the findings are not supported by the evidence. She introduced in evidence a document entitled "Community Oil and Gas Lease" which was executed by plaintiff as lessor and by defendant as lessee. The document was the same as the counterpart of the community oil lease described in said preceding case except as to the description of the property and the name of the lessee. The lease covered approximately 650 parcels of land. The description of the property set forth in typewriting below the signatures of the parties was as follows: "As to any and all right, title, and/or interest which Lessor may now have, and/or may hereafter acquire by whatsoever means, in and to all or any part of the lands hereinafter described, towit: All of the streets, in the City of Long Beach, recorded in the original maps of Long Beach Townsite, in Miscellaneous Records Book 19, at pages 91 to 96 inclusive, Records of Los Angeles County, and The American Colony Tract, in Miscellaneous Records Book 19, at pages 89 to 90, Records of Los Angeles County; and any and/or all highways, streets, ways, roads and/or alleys within the 'described area.' " Appellant also introduced in evidence

the map of Long Beach, recorded in 1887, which was introduced in said preceding case as Exhibit 7. She also introduced in evidence a grant deed made on March 27, 1945, by Mary Cabezud, a single woman, as grantor, which recited that she did thereby grant to Eva C. Taylor ''all the reversion and reversions and any and all other interests in and to all the property described in the following deeds . . . as recorded in the following books and pages of Deeds and Miscellaneous Records of the Records of the County of Los Angeles, State of California, the same being the reversion and reversions and fee and other interests created by said deeds . . . in favor of the Long Beach Land and Water Company, a corporation organized under the laws of the State of California, or its assignors, (said rights and reversion and reversions and interest having been heretofore transferred to this Grantor), as follows: . . . .'' After said words ''as follows'' in the deed, there were references to approximately 175 deeds of record in the office of the recorder of Los Angeles County. After said references therein, the deed recited further: ''[T]ogether with all rights, remainders, reversions, easements, rights of way, restrictions, appurtenances [sic], hereditaments.''

Appellant also introduced in evidence the same grant deed made by Mary Cabezud, as grantor, to plaintiff, dated March 5, 1946, which was introduced in said preceding case. Appellant also introduced in evidence the same grant deed from the Long Beach Land and Water Company to Mary Cabezud, dated October 15, 1945, which was introduced in evidence in said other case. She also introduced in evidence the two judgments of the superior court which were introduced in evidence in that case.

Appellant's argument, in support of her contention that the findings are not supported by the evidence, is that she proved all the allegations of her complaint and that defendant failed to produce any evidence to the contrary. The statements of this court, which were made in the opinion in the preceding case of *Taylor* v. *Continental Southern Corp.,* No. 17796, *ante,* p. 425 [233 P.2d 577], regarding such a contention, are applicable here. Title of the plaintiff to the streets and alleys was an issue in this action. The description of that which plaintiff leased was any right, title or interest which she may now have or may hereafter acquire in the streets and alleys. There was no proof that the Long Beach Land and Water Company reserved or had any reversionary interest in

the streets or alleys. It was not proved that plaintiff had any title or right to the streets or alleys or any part thereof.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied June 12, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1951.